Day, J.
A writ of mandamus is sought in this case for the purpose of obtaining payment of a claim against the county of Hamilton. It is based on a contract of the relator with the commissioners of the county, and the claim has been allowed by them: still, if it appears that the ground of the claim is invalid, and that the relator has no legal right to enforce payment, the writ must be refused for a mandamus can not be awarded in the absence of a clear right in the relator.
The claim is based on a contract with the commissioners for “the recopying of the plats of the county” for use in the auditor’s office, and the validity of the contract is questioned. The board of county commissioner’s can exercise only such powers as are conferred upon them by law. Ve find no statute expressly empowering them to make the contract, nor do we think the power to make it can be inferred from the acts of 1851, 1857, and 1859 (S. & C. 1282), from which it is claimed in argument. These acts relate ta the transcribing of county records, for their preservation and use in the offices to which they belong; and the persons employed to do it are to be compensated at a fixed rate by the hundred words. They are not broad enough to authorize a contract for the reconstruction of a set of county plats from the records of the several county offices and surveys, which are not matters of record in the office for which-these plats are made, and which are not susceptible of being paid for by the hundred words, at the rate fixed in these statutes.
*552 "We need not determine whether the power to make the contract in question can be implied from the statutes imposing certain duties on the county auditor, for, if it exists, we are, in this case, confronted with another difficulty, in the amount of the expenditure contemplated by the contract.
The proposal of the relator, accepted by the commissioners, constituted the contract. From that it appears that, at the rate stipulated, “each book” of the work contemplated would cost from ten to fifteen hundred dollars. The contract was broad enough to embrace the whole work; nor is it necessarily limited by the fact that it was to be paid for as fast as finished and delivered. Moreover, the case shows that the amount of the work contracted for ■exceeded twenty-eight hundred and twenty-three dollars; but how much more does not appear, nor is it material, ■since it clearly appears that the expenditure contemplated by the contract exceeded five hundred dollars.
The second section of the act relating to the duties of ■county commissioners, as amended in 1866 (S. & S. 86), provides :
“ That the county commissioners of any county shall not make, suffer, or cause to be made, any purchase or contract for any outlay of money for or on behalf of their county, the estimated value or expenses of which shall exceed five humlred dollars, without first causing twenty days’ notice io be given in one or more newspapers of general circulation in the county that proposals will be received for the performance of any job or work, or for furnishing any goods, wares, merchandise, or materials for said county; and the said county commissioners shall make, or cause to be made, ■such purchase or contract with the lowest responsible bidder, upon such person or persons giving bond to the county, with security, to be approved by the county commissioners, that the work will be faithfully performed, and the goods, wares, merchandise, or materials will be honestly delivered ■according to contract.....Provided, that this section ■shall not be construed to extend to the purchase of any ar *553 tides necessary to any of the county officers in the discharge of the duties of their offices, except stationery and printing : And provided farther, that the said commissioners may, nevertheless, by a unanimous vote, enter upon the minutes of their proceedings, and stating the grounds thereof, dispense rvitli the operation of this section in eases of urgent necessity, when the estimated expenses or outlay ■does not exceed one thousand dollars: Provided further, that all contracts or purchases entered into in crmtraven•tion of the provisions of this section shall, against the •county, be utterly null and void.”
There is nothing in the character of the work to be contracted for tbat excludes it from the operation of this section of the statute. If the “ lowest responsible bidder ” .should not be possessed of the skill requisite to perform the work in a suitable and acceptable manner, be would be under the necessity, as in other cases, of employing those who have the capacity to do the work in a manner that will secure a faithful performance of the contract.
Nor can the contract be regarded as the “ purchase” of “ articles ” within the meaning of the first proviso of the -.section. On the contrary, it was a contract for work to be ■done. It is, moreover, apparent from the second proviso, .authorizing the commissioners to suspend the operation of the section, in case of urgent necessity, when the outlay •contemplated does not exceed one thousand dollars, that, when the sum to be expended exceeds that amount, and •such necessity does not exist, the case must be due clearly within the meaning of the first proviso, to be thereby exempted from the operation of tbe section. A less strict -construction of tbe proviso would open the way to tbe ■evils provided against by the section. The obvious policy of the section is, to prevent the public treasury from being plundered by favoritism, rings, and frauds; and' it ought not to be so construed as to defeat its purpose by a judicial repeal of its salutary provisions.
If it be conceded, theu, that tbe commissioners had the .power to make the contract in question at all (which we *554 do not decide), it could only be done in accordance with the provisions of this section, as it contemplated an outlay of more than five hundred dollars. The statute was disregarded, and, by its express provisions, the contract was, therefore, void as against the county. The right of the relator to payment out of the county treasury, founded solely on the contract, therefore fails.

Mandamus refused.